Yes, Christopher Stender for Petitioner Narayan Nath. Good morning. There are, as Petitioner sees it, two issues in this case. Did the BIA abuse its discretion in failing to re-open Mr. Narayan Nath's order of removal after he had obtained post-conviction relief and a substantive change in his conviction, where the California State Court vacated his prior conviction, a new information was issued, and he pled to a count, which is not an aggravated felony under recognized judicial precedent of this Court. This Court has stated that a conviction overturned on the merits may not be used as the basis of a deportation order. The decision the BIA relied upon primarily in looking at the first motion to re-open, and there were two motions to re-open, a first one filed by prior counsel, which was denied on a procedural issue because the attorney did not submit certified records that the conviction was changed. But in that decision, the BIA did look at the merits of the petition and erroneously denied it, assuming that even had proper documents be submitted, that, in fact, the Respondent still was convicted of an aggravated felony. The Sixth Circuit Court of Appeals on July 17, 2006, reversed and remanded in Pickering in a decision, Pickering v. Gonzales, and interestingly found that the burden of proof is on the government, not on the alien, not on the ---- Was that in the context of a motion to re-open? No, it was not. I believe it was not. Nonetheless, what the Sixth Circuit said is the burden of proof is on the government to prove that a conviction vacated solely for rehabilitative or immigration reasons. Quoting from that decision, the Sixth Circuit agreed with determinations of the BIA, the Seventh Circuit, and the Tenth Circuit that the government bears the burden of proving that a vacated conviction remains valid for immigration purposes. They went on to say accordingly that Mr. Pickering is deportable only if the government can show, with clear, convincing, and unequivocal evidence, that the conviction was vacated solely for immigration reasons. It concluded that in order to meet its burden, the government must prove with clear, unequivocal, and convincing evidence that the petitioner's conviction was quashed solely for rehabilitative reasons or reasons related to his immigration status, that is, to avoid adverse immigration consequences. Now, this was a motion to re-open. So what was Mr. Nass' burden on his motion to re-open? I think his burden was to bring the information to the Court's attention. To the BIA's attention. The BIA's attention, Your Honor, and to show that, in fact, that a court of competent jurisdiction has made a change in his conviction warranting a reanalysis. Does he have to suggest that it was not for immigration purposes, but because there had been some substantive problem with the conviction? Well, Your Honor, I think we're just going to say it's been vacated. I think it is sufficient to show that it's been vacated. And what the – well, on that note, the Third Circuit in Cruz v. the Attorney General looked at that and what the proper standard is in a case, again, where a motion to re-open was submitted after the fact. And what it found is that the BIA had a policy of re-opening sua sponte any time there was a change in a conviction, and they found that there has been a history of the BIA finding an exceptional situation, and that's in quotations, any time that a conviction has been vacated on the merits for substantive reasons. So it found that untimely petitions are okay and that the numerical restrictions on motions to re-open would not apply. That Third Circuit decision came out June 21st, 2006. Looking at these two cases, I think those two cases are somewhat instructive on what this Court should look at and consider in that case. And the motion to re-open, what did the BIA have before it? It – Or what did he submit to the BIA? In the first motion to re-open by prior counsel, he submitted uncertified copies of the record showing that the California State court had vacated the conviction under 11379 and that he had pled non-proton to 11378, which is the same conviction which is a divisible statute under California law. It was just – it was just a copy of the Superior Court order? Yes. It did not contain the certifications. Afterwards, after I became counsel, I obtained those, re-submitted the motion, and it was denied as untimely by the BIA. And when did you submit a copy of the minutes, the minute order of the events on Is that in connection with the first motion to re-open or the second motion to re-open? The second motion to re-open. That was my motion, Your Honor. And that's what's on appeal before the Court today. It came, as the Court is aware, via habeas corpus petition. It's on direct appeal. And, of course, we would – we would argue the Court does have jurisdiction over this matter in that the BIA did not – What did the minutes of that – of that – of those proceedings before the Superior Court tell us, if anything, about? They tell us that – Reason for his motion to vacate. It's silent, Your Honor, and it doesn't say. And – But we don't know any – we don't – we don't know why. We don't know why. And I think what the Sixth Circuit said in Pickering is it's the government's burden of proof to show that that conviction has been vacated solely for immigration purposes or rehabilitative purposes. The government brief points out and suggests that it's the Petitioner's burden to make that showing. We would point out, at least as far as the Sixth Circuit said in Pickering, that that is not the Petitioner's burden, but rather the government's burden of proof to make that showing. Has the Ninth Circuit spoken on that same issue? I'm sorry? Has the Ninth Circuit spoken on that same issue? I don't believe so, no, Your Honor. When the BIA, in its analysis of the denial of the first motions reopened, looked at the conviction and incorrectly looked at the charging document, which, in the amended conviction, the respondent did not plead to, and it looked to elements in that information that are not relevant to Mr. Nass' amended conviction. This Court has said that a charging paper alone is insufficient but may be considered together with a signed plea agreement. There is no signed plea agreement with the amended conviction. What the BIA did is erroneously look at the information from the first time that he was convicted of an aggravated felony. That is the BIA has an alternative reasoning here. One, no certified copy. Why isn't that sufficient alone to uphold their judgment? Well, we would argue that the BIA does not necessarily have a policy of always requiring a certified copy. That, I believe, was sufficient evidence for the BIA to at least have remanded the case back down to the immigration judge, since the basis of the immigration judge's decision was made upon a conviction which no longer stands. Also, on the basis of that conviction, the respondent was made ineligible for cancellation or removal for permanent residence. He was made ineligible for asylum, and also prior counsel stipulated he was ineligible for withholding of removal. These are all forms of relief that the respondent was denied just because he was found convicted of an aggravated felony. He did go forward with his torture convention claim, and that was denied by the immigration judge. But these four other three other forms of relief were not made available to the respondent based upon an erroneous finding now, today, that the respondent was convicted of an aggravated felony. The respondent is in the country. The order has not been executed. He's been released. And we believe that these issues should be corrected by the Ninth Circuit, that this matter should be remanded back to the immigration judge through the BIA to the immigration judge so the respondent can make application for cancellation, removal, asylum, and withholding, and to have a new adjudication whether or not the respondent has been convicted of an aggravated felony or not. Roberts. Okay. You can save the balance of your time.  Thank you. Cynthia Parsons again for the Attorney General. First, the Court lacks jurisdiction because what you are reviewing is the BIA's decision to deny an untimely motion to reconsider. The Petitioner has not even argued that the motion to reconsider was timely. And if not, the BIA's decision to deny an untimely motion to reopen is a matter of discretion. And under the Real ID Act, the limitations on this Court's jurisdiction, it is limited to legal and constitutional issues when dealing with criminal aliens. Petitioner is a criminal alien, putting aside the fact whether or not we're going to consider that an aggravated felony, which I will actually devote most of my argument to that. Nevertheless, it's a simple matter of did the BIA abuse its discretion in denying an untimely motion to reopen? The fact is, no, they didn't abuse their discretion. But in any event, this Court would not have jurisdiction to review that discretionary determination because it's not a legal or constitutional issue. However, looking solely at the characterization of the Petitioner's conviction, first we're dealing with two different convictions. The first conviction under 11378. The Petitioner has now stated that according to Sixth Circuit law, with all due respect to Judge Merritt --" Scalia. On the question of whether this is a discretionary ruling on timeliness, in looking at the March 19th, 2004 order of the BIA, I don't see any timeliness basis for it. I mean, the basis for it is that it's an uncertified. One alternative is it's an uncertified copy of the new conviction. Secondly, almost sort of on the merits, they find that it is an aggravated felony. So do they rely somewhere on a timeliness, discretionary kind of basis? In that decision, no. However, that's not the latest decision of the Board of Immigration Appeals. The latest decision of the Board of Immigration Appeals is an August 11, 2004 decision. It appears at page 2 of the record in which they deny the motion to reconsider as untimely. That is the most recent decision of the Board of Immigration Appeals. And we would argue that is the one that is at issue here under the Real ID Act. But putting that aside, even if it isn't, even if we're looking at the early BIA decision, the BIA decision, earlier one, is correct. First, as this the Court was questioning, they could have dismissed it justifiably solely because of the uncertified documents. But they didn't. They went ahead and they looked at the merits. And with all due respect, again, to Judge Merritt and the Sixth Circuit — Don't worry. I don't — I frequently don't agree with the Sixth Circuit. In any event, with all due respect to those who do, I would posit that is not the law of this circuit. Under the law of this circuit, the Indian has the burden to show that a conviction is no longer valid for immigration purposes. This Court stated so in Ramirez-Castro, V.I.N.S. 287F3rd, 1172 at 1174, and in doing so stated that the petitioner must show — and in this case, it was a Lujan-Armandariz issue — that Lujan-Armandariz applies or some other exception applies. That is the law of this circuit. And so what we have before us is nothing. We have an amended conviction and absolutely no evidence of why it was amended. So basically what the petitioner is asking this Court to do is to disregard a conviction that on all fours is — it falls under the definition of a conviction under 8 U.S.C. 1101A48. It's an adjudication of guilt with punishment imposed. And just ignore it, regardless of what the reason is. You just are supposed to take a leap of faith that it was, in fact, vacated for one of the various reasons that this Court and the BIA have recognized as a valid basis for ignoring a conviction. There simply is nothing before you to do that. The petitioner did not meet his burden of showing that it was, in fact, vacated on the merits or for a substantive or procedural defect that occurred on or before the issuance of the judgment of conviction, or that it was subject to a rehabilitative statute, assuming that the Federal First Offenders Act wouldn't apply. He simply did not meet that burden. And this Court simply cannot disregard a conviction that Petitioner's own earlier counsel conceded was a particularly serious crime simply because they ask you to. There has to be some reason given. In fact, the order of the State court of California in amending the conviction says, as done in open court, well, where are the transcripts? The transcripts are silent. The minutes. But the minutes aren't the transcripts. The minutes, the counsel admitted, the minutes are silent as to the reason. Why aren't the transcripts there? Why wasn't the motion, if it was a written  simply put, there's nothing before this Court to show that that conviction is no longer valid for immigration purposes. And under the law of this circuit, the government argues that this Court cannot disregard it unless the Petitioner has shown that it does fall in one of those categories that would make it no longer a conviction. He has to do that. Kennedy. Since the Respondent's State drug conviction was punishable as a felony under the Controlled Substances Act, that is, the Federal Act, we hold that the Respondent's modified conviction is a drug-trafficking felony under Federal drug laws, and thus is a drug-trafficking offense under 101A43B. Is that correct? Yes, Your Honor. In other words, no matter how you look at this, even if you were to assume, make the leap of faith that the Petitioner is asking you to do, that the first conviction was vacated for reasons that would render it no longer a conviction for immigration purposes, his amended conviction is still an aggravated felony. In the next one, we really should be looking at, because that's what the BIA decided on that basis? That you certainly should be looking at that, yes, Your Honor. But I mean, rather than the other one that you mentioned. I believe you could render your decision under either of them. But nevertheless, they're just the same. What basis did the BIA use? They did rely on the fact that their final reason was relying on the fact that the second conviction would be. However, they did analyze the first conviction also. So I believe, based on the opinion of the BIA, this Court could look at it either way. We argue either way, we win. The opposing counsel says that the second conviction was not a drug-trafficking offense or was not a felony, right? That's what he says. However — But you're saying, how do we resolve that issue between you? Well, first, looking at the brief, the Petitioner goes into some detail about how what his client really was convicted of was solicitation and says that this Court has argued that generic solicitation does not equate to a drug-trafficking crime. The first problem with that argument in the brief is that his client was — Petitioner was never convicted of solicitation. California does have a specific solicitation statute, and it appears at California Penal Code 653F, and that's F without parens. It has both a generic component and one specific to drugs at 653FD. And, in fact, 653FD specifically references California Penal Code 11379, which is the section under which the amended conviction was based. If you look at the record at pages 18 and 19 and 49, which is the amended judgment of conviction and the Court's order allowing the amended or vacated judgment, 653F is never mentioned. He was simply never convicted of solicitation. So that right there is a specious argument. It's a red herring. What you need to look at is what he was convicted of. If that argument fails, then it is a — it is a felony. Well, that argument certainly fails, and that is one of the arguments that Petitioner makes in trying to convince the Court that it's not an aggravated felony, and it simply doesn't apply because he wasn't convicted of solicitation. However, even the rest of the argument fails, because if you look at 11379, under which he was convicted, and you apply even the modified categorical approach, assuming that one would take it to be an overly broad statute requiring the categorical approach, you would be looking at judicially recognized information. And that judicially recognizable information, including the information that is in the record, that is, the information, the actual court pleading called-in information in the record, shows that he was involved in a broad-based conspiracy involving fire — the use of firearms to protect drug transports and involving a fairly  and, therefore, is clearly an aggravated felony. Counsel, during his argument, alluded to a new information being issued. However, as far as I am — I am aware, there's only one information in the record, and it was only one information in the record before the BIA. And that was the original information on which he was convicted under the first crime. I do not believe the second information, using that — that word in — in quotes, that particular document, was ever submitted. The minutes were submitted, but not the information. And so the judicially recognizable information available to the BIA and to this Court is the original information. And that shows a considerable drug conspiracy. And this Court and others, and, in fact, the definition of drug trafficking crime, includes a conspiracy. Therefore, even if you were to accept that the first conviction was, in fact, vacated for a reason that would negate it as a conviction for immigration purposes, the second conviction is a conviction under the statute, and it's an aggravated felony. I see that I am out of time. Well, you really can't. I mean, I couldn't make that determination without seeing the actual documents, because this — this modified judgment says that it is further ordered that the defendant voluntarily and freely entered a plea. But it doesn't show that. To allege an additional felony count to offer of — offer to transport a controlled substance. But, yes. To said additional felony count, the Court has previously found that on December 17th, the defendant knowingly, voluntarily, and freely entered a plea. That doesn't — I mean, we don't — I take it by this statement that this was just a separate count. It may have — But it doesn't say that all the other allegations of the conspiracy and the quantity and everything else were — were incorporated into that count. However, they also — the plaintiff and no one else produced that information. Well, it doesn't look like there's another information. It says — it says, be amended. We understand. However, I would still argue that because there is no other information to look at, and the Court either did not issue — I mean, the prosecuting authorities either did not issue another information, or there was no other information done, the information under which the entire scheme was conducted still would be judicially recognizable information and still would clearly show that it's a drug-trafficking crime. If you look at it, there's really no question. I mean, the amount of drugs, the use of firearms, the protecting transports. Okay. All right. Okay. We'll let you go. We've given you ample time here this morning. I'll let you have a minute of rebuttal. Thank you. Well, as the Court has correctly pointed out on page 19 of the certified administrative record, the order is titled, Withdrawal of Guilty Plea Amendment of Information. And in that second paragraph, it does state correctly, it is further ordered that the information in the instant matter be amended to allege an additional felony count. The information that the government wants to rely on so heartily in trying to add all this other factual information regarding firearms and amount of drugs really does not come into play. There was an amendment of the information. The information which the BIA relied upon in finding that this was a drug-trafficking offense could not be relied upon. The information that they had before them was not the information that the Respondent pled guilty to. This is a divisible statute. It punishes transportation, importing into the State, sale, furnishing, administer, or giving away, or offers to transport, import, sell, furnish, administer, or give away. It's clearly a divisible statute. It's akin to Section 11360 of the California Penal Code, which has been found to be divisible. There's no leap of faith here. The Sixth Circuit has vacated Pickering and reversed it and remanded it and vacated the deportation order. I don't think Pickering is entitled to any deference, and this Court is free to determine who has the burden of proof in a matter such as this, and I think that burden of proof is clearly on the government. Thank you. Thank you. The matter will be submitted. We appreciate your arguments. The next case for argument is Flores v. Gonzales.
judges: Hug, Merritt , Paez